COMMONWEALTH *vs.* TIMMY HUDSON.

Middlesex. January 5, 1989. — March 9, 1989.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Larceny. Shoplifting. Practice, Criminal*, Appeal by Commonwealth. *Constitutional Law*, Delay in appeal, Speedy trial. *Due Process of Law*, Vagueness of statute. *Statute*, Repeal, Construction.

A criminal defendant did not demonstrate that the Commonwealth's delay of more than two years in entering its appeal from the dismissal of the complaint was either deliberate or significantly prejudicial so as to violate his right to due process. [283-285]

Discussion of the doctrine of implied repeal. [285-286]

The provisions of G. L. c. 266, § 30A, the so-called "shoplifting" statute, did not impliedly repeal the general larceny statute, G. L. c. 266, § 30, insofar as it relates to conduct punishable under the shoplifting statute, i.e., theft of merchandise offered for sale. [286-288]

Provisions of G. L. c. 266, § 30 and § 30A, prescribing different maximum penalties for the same conduct do not violate either due process or equal protection principles. [288-289]

COMPLAINT received and sworn to in the Waltham Division of the District Court Department on November 18, 1985.

The case was heard by *Edward M. Viola*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Corinne Hirsch*, Assistant District Attorney, for the Commonwealth.

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

LYNCH, J. On November 15, 1985, the defendant, Timmy Hudson, was arrested for allegedly stealing a radio, priced at $199.88, from a retail store in Watertown. He was charged with larceny of property exceeding $100 in value, in violation

of G. L. c. 266, § 30, which was then a felony.[1] On January 29, 1986, the defendant moved to dismiss the complaint on the ground that the larceny statute no longer applied to offenses involving the theft of merchandise offered for sale.[2] After a hearing, the judge allowed the motion and dismissed the complaint.[3] The Commonwealth appealed on January 31, 1986. The appeal was not entered in the Appeals Court until March 4, 1988. On June 15, 1988, the defendant moved to dismiss the Commonwealth's appeal, arguing that the Commonwealth's excessive delay in pursuing this appeal violates the defendant's right to due process. We transferred the matter to this court on our own motion.

1. *Appellate procedure.* This appeal was not entered in the Appeals Court for more than two years after the notice of appeal was filed. The Commonwealth seeks to explain, or justify, this delay by reciting the difficulties encountered in

---

[1] General Laws c. 266, § 30, has since been amended to provide that larceny of property valued at $250 or less is punishable as a misdemeanor, while larceny of property valued in excess of $250 is punishable as a felony. St. 1987, c. 468, § 1.

[2] In a memorandum in support of his motion to dismiss the defendant claimed that a failure to exempt "shoplifting" from the general larceny statute would violate the due process guarantees of the Massachusetts Constitution because, if both statutes could be applied to the defendant's conduct, there would be insufficient notice as to the potential penalties for a violation, and it would encourage arbitrary arrests and prosecutions. Although the motion referred to the State Constitution, it did not develop an independent argument as to art. 12, nor did the cases cited rest on the Massachusetts Declaration of Rights. Therefore, we need not reach that issue. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). *Commonwealth* v. *McDonough*, 400 Mass. 639, 647 n.12 (1987).

[3] Although the judge did not indicate on what grounds he allowed the motion, the record reflects that the judge relied upon the doctrine of implied repeal. However, during the hearing the judge expressed a concern that "retail merchandise" may not fall within the definition of "property" for purposes of G. L. c. 266, § 30. We note that the theft of merchandise offered for sale has historically been prosecuted under the larceny statute. Compare *McDermott* v. *W.T. Grant Co.*, 313 Mass. 736, 737-738 (1943). See generally *Commonwealth* v. *Pina*, 1 Mass. App. Ct. 411, 414 (1973). Nothing in the language of c. 266, § 30A, indicates a legislative intent to exempt retail merchandise from the definition of property for purposes of c. 266, § 30.

preparing the transcript. This transcript, which occasioned such inordinate delay and which was prepared by the Commonwealth's own staff, consists of nineteen pages and is unnecessary to a proper decision on the issue raised. Although there has been no apparent violation of any specific provision of the Massachusetts Rules of Appellate Procedure, and none is argued, it is clear that the glacial pace with which this case proceeded toward appellate resolution is not what is contemplated by the rules of appellate procedure. Prompt action of the parties, and stipulations to eliminate unnecessary documents from the record on appeal, are clearly what the rules contemplate. Neither is present in this case.

2. *Motion to dismiss appeal.* The defendant argues that the "sheer length of the delay" by the Commonwealth in pursuing its appeal violates his right to due process.[4] We disagree. "The guaranty of a speedy trial set forth in the Sixth Amendment to the United States Constitution (and art. 11 of the Massachusetts Declaration of Rights) is not read as applying to the appellate process." *Commonwealth* v. *Lee*, 394 Mass. 209, 220 (1985). See *Commonwealth* v. *Weichel*, 403 Mass. 103, 109 (1988). "However, we have recognized on several occasions that 'deliberate blocking of appellate rights or inordinate and prejudicial delay . . . may rise to the level of constitutional error.' " *Id.*, quoting *Commonwealth* v. *Swenson*, 368 Mass. 268, 279-280 (1975). See *Commonwealth* v. *Thomas*, 400 Mass. 676, 684 (1987); *Commonwealth* v. *Lee, supra*; *Williams, petitioner*, 378 Mass. 623, 625 (1979).

---

[4] The defendant does not argue that the delay violates the speedy trial provisions contained in Mass. R. Crim. P. 36, 378 Mass. 909 (1979). In discussing the effect of the Commonwealth's delay in prosecuting an interlocutory appeal, we noted that a negligently caused delay "should be weighed quite heavily against the Commonwealth." *Commonwealth* v. *Look*, 379 Mass. 893, 899-900, cert. denied, 449 U.S. 827 (1980). In *Commonwealth* v. *Stevenson*, 22 Mass. App. Ct. 963, 964 (1986), the Appeals Court did not charge to the Commonwealth the time consumed by its interlocutory appeal because "[t]he record show[ed] no basis for assuming that the Commonwealth consumed any unnecessary time in obtaining the transcripts necessary to prepare and present that appeal."

Here, the defendant points to no evidence nor makes any argument that the Commonwealth deliberately delayed the appeal. "Thus, to prevail on his constitutional due process argument, the defendant must show that the delay, which was clearly inordinate, was significantly prejudicial." *Commonwealth* v. *Weichel, supra* at 109. Because the defendant has failed to produce any evidence or make any argument that his "ability to present . . . arguments on appeal [has been] adversely affected by the passage of time" his due process argument fails.[5] *Id.*

3. *Implied repeal.* The Commonwealth argues that the judge erred in dismissing the complaint charging the defendant with larceny, G. L. c. 266, § 30 (1), because the shoplifting statute, G. L. c. 266, § 30A, did not repeal the larceny statute as it relates to the theft of merchandise offered for sale.[6] We agree, and therefore vacate the order of dismissal.

The defendant's argument, apparently adopted by the judge, is that, because both the larceny and shoplifting statutes prohibit the same conduct in some instances, the subsequent shoplifting statute impliedly repealed the application of the general larceny statute to conduct punishable under the shoplifting statute, G. L. c. 266, § 30A.

---

[5] We have noted, however, that an inordinate delay in the appeal process, may impair unfairly a defendant's retrial due to witness unavailability or memory failure. See *Commonwealth* v. *Weichel, supra* at 109. See also *Williams, petitioner, supra* at 626.

[6] The relevant portion of G. L. c. 266, § 30, which the defendant was charged with violating, provides: "Whoever steals . . . the property of another as defined in this section . . . shall be guilty of larceny, and shall . . . if the value of the property stolen exceeds one hundred dollars, be punished by imprisonment in the State prison for not more than five years, or by a fine of not more than twenty-five thousand dollars and imprisonment in jail for not more than two years . . . ."

The defendant argues that he should have been charged with shoplifting, G. L. c. 266, § 30A, which provides in relevant part: "Any person who intentionally takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use of benefit of such merchandise or converting the same to the use of such person without paying to the merchant the value thereof . . . shall be punished for a first offense by a fine not to exceed two hundred and fifty dollars . . . ."

"Where two statutes deal with the same subject they should be interpreted harmoniously to effectuate a consistent body of law." *Boston Hous. Auth.* v. *Labor Relations Comm'n*, 398 Mass. 715, 718 (1986), and cases cited. We note, moreover, the well-settled principle that there is a "very strong presumption against implied repeal." *Commonwealth* v. *Jones*, 382 Mass. 387, 391 (1981). See *Commonwealth* v. *Hayes*, 372 Mass. 505, 511 (1977), quoting *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352 (1939). 1A C. Sands, Sutherland Statutory Construction § 23.10, at 346-347 (4th ed. 1985). The effect of this presumption is that "[t]he doctrine of implied repeal does not mandate repeal of the earlier statute unless it is 'so repugnant to and inconsistent with the later enactment covering the same subject matter that both cannot stand.' " *Boston Hous. Auth.* v. *Labor Relations Comm'n*, *supra* at 718, quoting *Doherty* v. *Commissioner of Admin.*, 349 Mass. 687, 690 (1965). See *Chernick* v. *Chief Admin. Justice of the Trial Court*, 395 Mass. 484, 487 (1985); *North Shore Vocational Regional School Dist.* v. *Salem*, 393 Mass. 354, 358 (1984); *Boston* v. *Board of Educ.*, 392 Mass. 788, 792 (1984). "The fact that two statutes overlap in the sense that they both prohibit the same act does not, without more, make them conflicting." 1A C. Sands, Sutherland Statutory Construction § 23.09, at 332 (4th ed. 1985). However, "[i]f a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute," especially if "the specific statute was enacted after the general statute." *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118 (1973). *Grass* v. *Catamount Dev. Corp.*, 390 Mass. 551, 554 (1983).

Applying these principles to the statutes before us, we conclude that the relevant portions of the statutes are complementary and not inconsistent. General Laws c. 266, § 30A, facilitates the apprehension and prosecution of shoplifters by providing law enforcement officials with alternative offenses and penalties. General Laws c. 266, § 30A, not only prohibits the type of conduct alleged here, but also prohibits conduct which may be difficult to prosecute under the larceny statute, including concealing merchandise, altering price tags, transferring

merchandise to a different container, and recording a value for merchandise which is less than the actual retail value. The statute further facilitates apprehension by providing that the statements by merchants that a person has violated the statute constitutes probable cause for arrest.

It should also be noted that the defendant's theory of repeal produces illogical results. For example, if repeal is implied, an individual stealing merchandise worth several thousand dollars from a retail store would be subject only to a fine for both a first or second offense, see G. L. c. 266, § 30A, while an individual stealing the same property from someone or some place other than a retail store could be subject to imprisonment in the State prison for up to five years. G. L. c. 266, § 30. It would be unreasonable to assume that, by enacting the shoplifting statute, the Legislature intended that a person who steals a fur coat receives no greater maximum penalty than a person who steals a package of candy. Compare *Commonwealth* v. *Murray*, 401 Mass 771, 774-775 (1988).

The Legislature amended the false arrest statute, G. L. c. 231, § 94B, in the same act that adopted the shoplifting statute. St. 1981, c. 618. That amendment added the crime of shoplifting to the statute that had previously provided that a merchant's reasonable belief that a person had committed larceny of goods offered for sale was a defense to a false arrest action.[7] Amending the statute in this manner would make no sense if the Legislature had intended to repeal the larceny statute as it relates to the theft of goods for sale. Because the

---

[7] General Laws c. 231, § 94B (1986 ed.), provides: "In an action for false arrest or false imprisonment brought by any person by reason of having been detained for questioning on or in the immediate vicinity of the premises of a merchant or an innkeeper, if such person was detained in a reasonable manner and for not more than a reasonable length of time by a person authorized to make arrests or by the merchant or innkeeper or his agent or servant authorized for such purpose and if there were reasonable grounds to believe that the person so detained was committing or attempting to commit a violation of section thirty A of chapter two hundred and sixty-six, or section twelve of chapter one hundred and forty, *or was committing or attempting to commit larceny of goods for sale on such premises* or larceny of the personal property of employees or customers or others present on such premises, it shall be a defense to such action" (emphasis added).

shoplifting and larceny statutes can be harmoniously construed as providing the Commonwealth with prosecution alternatives that correspond with the seriousness of a particular theft, the strong presumption against implied repeal has not been overcome.[8]

The fact that the same conduct could be prosecuted under two statutes, each with different maximum penalties, does not violate the notice requirements of due process. In another context, we have stated: "Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." *Commonwealth* v. *John G. Grant & Sons*, 403 Mass. 151, 156 (1988), quoting *United States* v. *Batchelder*, 442 U.S. 114, 123 (1979). *Cedeno* v. *Commonwealth, ante* 190, 196 (1989). Here, it is clear that both statutes define the prohibited conduct. In fact, the defendant concedes that, if the larceny statute remains in effect, it would apply to his alleged conduct. The Commonwealth's discretion to choose between two statutes when prosecuting an individual does not violate either the due process clause or the equal protection guarantee so long as the exercise of that discretion does not discriminate against any class of individuals. See *Cedeno* v. *Commonwealth, supra* at 196-197; *United States* v. *Batchelder, supra* at 123, 124; *United States* v. *Brien*, 617 F.2d 299, 310-311 (1st Cir.), cert. denied, 446 U.S. 919 (1980). Cf. *United States* v. *Sadlier*, 649 F. Supp. 1560, 1564-1565 (D. Mass. 1986). Compare *Common-*

---

[8] Although we are mindful that it is often not helpful to compare decisions from other jurisdictions because they often turn on the particular wording of a statute, *Commonwealth* v. *Jones*, 382 Mass. 387, 392 n.8 (1981), courts in other jurisdictions have held that their shoplifting laws did not impliedly repeal statutes allowing convictions for larceny of merchandise from retail stores. See, e.g., *State* v. *Allen*, 1 Ariz. App. 161, 163 (1965); *Saunders* v. *State*, 8 Md. App. 143, 148 (1969); *State* v. *Milano*, 94 N.J. Super. 337, 339 (1967). See also Cleary, The Crime of Shoplifting: Some Constitutional and Other Problems, 69 Mass. L. Rev. 20, 20-21 (1984).

*wealth* v. *Murray, supra* at 774 (Commonwealth has discretion to charge defendant with single larceny or with multiple larcenies for successive thefts committed pursuant to single intent).

As the Supreme Court stated in the *Batchelder* case: "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. . . . The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process clause." *United States* v. *Batchelder, supra* at 125.

The order dismissing the complaint is vacated, and the case is remanded for trial.

*So ordered.*