WILLIAM BARNOSKI *vs.* COMMONWEALTH. December 7, 1992. *Supreme Judicial Court*, Superintendence of inferior courts.

This is an appeal by William Barnoski (petitioner) from the denial of relief under G. L. c. 211, § 3 (1990 ed.), by a single justice of this court. We affirm.

Generally, absent clear error of law or abuse of discretion, a decision of a single justice will not be disturbed. *Kyricopoulos* v. *Richardson*, 409 Mass. 1002 (1991). For the extraordinary relief sought under G. L. c. 211, § 3, the petitioner must show "both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal." *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). The petitioner has not met either condition.

The record fails to disclose any factual basis for asserting a denial of constitutional or statutory rights in the jury selection. It is the petitioner's duty to develop such a record. There is nothing in *Keeney* v. *Tamayo-Reyes*, 112 S. Ct. 1715 (1992), which supports the petitioner's position.

*Judgment affirmed.*

*Rosemary Curran Scapicchio* for William Barnoski.

*Marguerite T. Grant*, Assistant District Attorney, for the Commonwealth.


ROBERT LANCASTER, trustee,[1] *vs.* GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA. December 9, 1992. *Insurance*, Disclaimer of liability.

A judge in the Superior Court granted summary judgment for the defendant based on the plaintiff's failure to comply with an arbitration provision of the applicable insurance policy. The Appeals Court reversed, holding that a genuine dispute existed on whether the defendant had waived compliance with that arbitration provision. 32 Mass. App. Ct. 925 (1992). We granted the defendant's application for further appellate review. For the reasons set forth in the opinion of the Appeals Court, we reverse the judgment of the Superior Court.

*So ordered.*

*John A. Leslie* for the defendant.
*Michael J. Manfreda* for the plaintiff.