FRANCESCO CAMPITI vs. COMMONWEALTH.

Suffolk. January 5, 1994. - April 8, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Constitutional Law*, Speedy trial, Delay in appeal.

A single justice of this court did not abuse his discretion in denying a criminal defendant relief under G. L. c. 211, §§ 3 and 4A, on the defendant's claim that cumulative posttrial delays in his case deprived him of due process under the Fourteenth Amendment to the United States Constitution, where the defendant failed to show that the Commonwealth deliberately blocked his appellate rights or that he was significantly prejudiced by the delay, and that any error could not have been remedied under the ordinary review process. [455-457]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 20, 1993.

The case was heard by *O'Connor*, J.

*William J. Brown* for the plaintiff.

*Ellen Berger*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. This is an appeal from the judgment of a single justice denying Francesco Campiti (defendant) relief under G. L. c. 211, § 3 and § 4A (1992 ed.). On March 3, 1989, on five separate indictments, the defendant was convicted of trafficking in cocaine in violation of G. L. c. 94C, § 32E (1992 ed.). The defendant filed a timely notice of appeal. The trial transcripts were not available until August 15, 1991, and notice of completion of the record was sent to the Appeals Court by the Superior Court clerk on August 30, 1991, approximately twenty-nine months after the entry of the verdicts. On April 4, 1992, following the allowance of several extensions of time by the Appeals Court and a stay of

all appellate proceedings, the defendant filed a motion for a new trial, a motion for reconsideration of his motion for required findings of not guilty, and a motion for discovery, along with accompanying affidavits and memoranda of law.

On April 30, 1992, the defendant filed a motion for expert witness fees. On October 19, 1992, the defendant filed a "supplemental motion" for a new trial, and on November 6, the trial judge held a hearing on the various motions, following which the judge took them under advisement.

On January 14, 1993, new defense counsel filed a petition in the county court pursuant to G. L. c. 211, § 3 and § 4A, for extraordinary relief due to the inordinate length of time which had passed without the Superior Court judge ruling on the various motions. After oral argument the single justice denied the defendant's petition. On April 5, 1993, the Superior Court judge issued a written memorandum and denied the defendant's motions for a new trial.[1] On April 28, 1993, the defendant filed an appeal from the denial of his motion for a new trial and denial of his other motions. On April 20, 1993, the defendant filed a petition to invoke the extraordinary powers of the Supreme Judicial Court under G. L. c. 211, § 3 and § 4A, to reverse the judge's denial of his various motions. A single justice of this court denied the defendant's petition. The defendant now appeals from the single justice's decision on his April 20, 1993, petition to the full court.

At the outset we note that, absent clear error of law or abuse of discretion, a decision of a single justice need not be disturbed. *Barnoski* v. *Commonwealth*, 413 Mass. 1007 (1992). *Kyricopoulos* v. *Richardson*, 409 Mass. 1002 (1991). The single justice's discretionary power of review under G. L. c. 211, § 3, is extraordinary and will be exercised only in the most exceptional circumstances. *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706

[1]The defendant asserts that the judge denied his other motions as well. The judge's memorandum and the Superior Court docket reflect only the judge's decision with respect to the motion for a new trial.

(1990). "We will not allow resort to c. 211, § 3, 'merely as a substitute for normal appellate review.' " *Id.*, quoting *Francis v. District Attorney for the Plymouth Dist.*, 388 Mass. 1009, 1010 (1983). "[U]nder G. L. c. 211, § 3, the party seeking relief must demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process." *Dunbrack* v. *Commonwealth*, 398 Mass. 502, 504 (1986).

The defendant essentially claims that the cumulative post-trial delays in this case have deprived him of due process under the Fourteenth Amendment to the United States Constitution. He further claims that, absent relief under G. L. c. 211, § 3, he will suffer "error that cannot be remedied under the ordinary review process." *Dunbrack* v. *Commonwealth*, *supra.* We disagree.

"The guaranty of a speedy trial set forth in the Sixth Amendment to the United States Constitution (and art. 11 of the Massachusetts Declaration of Rights) is not read as applying to the appellate process." *Commonwealth* v. *Hudson*, 404 Mass. 282, 284 (1989), quoting *Commonwealth* v. *Lee*, 394 Mass. 209, 220 (1985). *Commonwealth* v. *Weichel*, 403 Mass. 103, 109 (1988). "However, we have recognized on several occasions that 'deliberate blocking of appellate rights or inordinate and prejudicial delay . . . may rise to the level of constitutional error.' " *Hudson, supra,* quoting *Commonwealth* v. *Swenson*, 368 Mass. 268, 279-280 (1975). Thus, to implicate his due process rights, the defendant must show that the Commonwealth deliberately blocked his appellate rights or that he was significantly prejudiced by the delay. *Hudson, supra* at 284-285.

While "the glacial pace with which this case [has] proceeded toward appellate resolution is not what is contemplated by the rules of appellate procedure," *Hudson, supra* at 284, we do not perceive that the Commonwealth deliberately blocked the defendant's appellate rights nor was he prejudiced by the delay. The defendant seeks to blame the Commonwealth for the delay encountered while awaiting rulings on the defendant's various motions. There is no evidence

that the Commonwealth deliberately blocked his appellate rights. Part of the delay was occasioned by the vacation and sickness of the trial judge, who was nearing retirement.

The defendant also asserts that the Commonwealth "repeatedly chose the course of total inaction and/or lack of assistance in moving this case along." By example, the defendant cites the assistant district attorney's action, consistent with her office's practice, of preferring to defer a conference for the purpose of scheduling a hearing on the defendant's discovery motion until after the judge had determined whether he would grant a hearing on the new trial motion. We do not find this conduct unreasonable and it hardly rises to the level of deliberately blocking the defendant's appellate rights. Indeed, the judge ultimately agreed to hear all the motions before him simultaneously.

Finally, the trial transcripts were not made available to the defendant until approximately twenty-nine months after trial. Such a delay in producing transcripts of a seven-day trial is indeed deplorable. The record offers no explanation for the delay. While delay in producing transcripts is conduct attributable to the Commonwealth, it is not "conduct that can be characterized as a deliberate blocking of [the defendant's] appellate rights." *Commonwealth* v. *Lee*, 394 Mass. 209, 221 (1985).

The defendant has made no showing that he has been prejudiced by the delay. Furthermore, the defendant may obtain review of his claims through the normal appellate process. We conclude that the single justice did not abuse his discretion by denying G. L. c. 211, § 3, relief.

*Judgment affirmed.*