MICHAEL FORTE *vs.* COMMONWEALTH.

Suffolk. April 7, 1994. - June 13, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Bail. Practice, Criminal*, Appeal.

The proper avenue for a prisoner to challenge an order denying his request
   for release on unsecured bond pending preparation and presentation of
   a motion seeking postconviction relief under Mass. R. Crim. P. 30 was
   by way of appeal and not by way of a petition under G. L. c. 211, § 3;
   a single justice properly denied the petition without a hearing. [99-100]
No reason appeared for this court to make a direct appointment of counsel
   for a criminal defendant where a judge of the Superior Court had al-
   lowed the defendant's motion for assignment of counsel. [101]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on October 13, 1993.

The case was considered by *Nolan*, J.

The case was submitted on briefs.

*Michael Forte*, pro se.

*Judy Zeprun Kalman*, Assistant District Attorney, for the
Commonwealth.

LYNCH, J. This is an appeal from a judgment of a single
justice of this court denying Michael Forte (defendant) relief
under G. L. c. 211, § 3 (1992 ed.).[1] On December 17, 1987,
the defendant was convicted of larceny in a building, break-
ing and entering in the nighttime, and assault and battery.
On December 5, 1988, the Appeals Court allowed his motion

---

[1]In pertinent part, G. L. c. 211, § 3 (1992 ed.), states: "The supreme
judicial court shall have general superintendence of all courts of inferior
jurisdiction to correct and prevent errors and abuses therein if no other
remedy is expressly provided . . . ."

to file a late appeal from the convictions. However, on March 7, 1991, the appeal was dismissed, pursuant to that court's standing order 17A, for failure to file a brief.

On July 9, 1993, the defendant filed a pro se motion in the Superior Court requesting assignment of counsel to represent him in the preparation and presentation of his motion seeking postconviction relief under Mass. R. Crim. P. 30, 378 Mass. 900 (1979). In that motion he also requested release on unsecured bond, and any other relief which justice required. A Superior Court judge allowed his motion for assignment of counsel and denied his motion for release on unsecured bond. The defendant then filed a petition for relief pursuant to G. L. c. 211, § 3, captioned "Petition for Review of an Interlocutory Trial Court Order Denying Release on Bond Pending Resolution of a M.R.C.P. 30 Motion." A single justice denied the defendant's petition without a hearing. We affirm.

"At the outset we note that, absent clear error of law or abuse of discretion, a decision of a single justice need not be disturbed." *Campiti* v. *Commonwealth*, 417 Mass. 454, 455 (1994), citing *Barnoski* v. *Commonwealth*, 413 Mass. 1007 (1992), and *Kyricopoulos* v. *Richardson*, 409 Mass. 1002 (1991). "The single justice's discretionary power of review under G. L. c. 211, § 3, is extraordinary and will be exercised only in the most exceptional circumstances." *Campiti* v. *Commonwealth, supra*, citing *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990). Resort to G. L. c. 211, § 3, is not merely a substitute for normal appellate review, rather the party seeking the extraordinary relief of c. 211, § 3, must demonstrate both a substantial claim of violation of his substantive rights and error that cannot be remedied under the ordinary review process. *Campiti* v. *Commonwealth, supra* at 456, and cases cited.

The only issue before us is the propriety of the denial of that portion of the defendant's motion seeking release on unsecured bond. In certain circumstances, a defendant may be

released on bail pending appeal from the denial of his motion for postconviction relief. For example, Mass. R. Crim. P. 30 (c) (8) (A), provides, in part, that "[a]n appeal from a final order under this rule may be taken to the Appeals Court by either party. If an appeal is taken . . . [t]he defendant shall not be discharged from custody pending final decision upon the appeal; provided, however, that the defendant may, in the discretion of the judge, be admitted to bail pending decision of the appeal." Here, before his motion for postconviction relief is even filed, the defendant seeks release on unsecured bond. According to the defendant, although rule 30 does not explicitly provide for "pre-disposition release," his motion for release should be granted based on the trial judge's "broad common-law equitable powers to administer justice." Even if the power to grant such predisposition release exists, it is difficult to imagine circumstances that would require that the power be exercised in a defendant's favor. Certainly the judge's denial of the defendant's motion for release did not require relief under G. L. c. 211, § 3.

Where the normal process is adhered to, a defendant's request for release on bail pending appeal is a matter within the discretion of the trial judge. Mass. R. Crim. P. 30 (c) (8) (A). Again, assuming the power to grant predisposition release exists, that also would be a matter within the discretion of the trial judge. In the ordinary course the denial or grant of a defendant's request for bail pending appeal would be reviewable, in the first instance, by the Appeals Court, see *Stewart* v. *Commonwealth*, 413 Mass. 664, 666-667 (1992), and therefore no exceptional circumstances would exist justifying relief under G. L. c. 211, § 3. See *Fogarty* v. *Commonwealth*, 406 Mass. 103, 107 (1989), citing *Commonwealth* v. *McCarthy*, 375 Mass. 409, 414 (1978), and cases cited therein. Similarly, the defendant here was free to appeal from the order denying his release on unsecured bond. Therefore, "[t]he proper avenue for [the defendant] to challenge the order denying his motion was by way of appeal, not by way of a petition under G. L. c. 211, § 3." *Roullett* v.

*Quincy Div. of the Dist. Court Dep't*, 395 Mass. 1008, 1009 (1985).

The defendant also requests that we appoint counsel, pursuant to S.J.C. Rule 3:10, § 4, as appearing in 397 Mass. 1217 (1986).[2] The judge granted the defendant's motion pursuant to rule 30 (c) (5) for assignment of counsel.[3] Therefore, no reason exists for a direct appointment.

---

[2]Supreme Judicial Court Rule 3:10, § 4, as appearing in 397 Mass. 1217 (1986), applies to indigent parties. Because the trial judge allowed the defendant's motion for assignment of counsel to assist in his rule 30 motion, we need not decide whether the defendant's reliance on rule 3:10, § 4, is appropriate. We note further that S.J.C. Rule 3:10, § 4, provides that, if the judge finds a party is indigent or indigent but able to contribute, the judge shall assign the Committee for Public Counsel Services (CPCS) to represent the party, "unless exceptional circumstances, supported by written findings, necessitate another procedure provided that such is consistent with [G. L. c. 211D] and the rules of this court." The record does not demonstrate circumstances requiring a procedure other than assignment through CPCS.

[3]The defendant argues that CPCS refused to appoint an attorney to aid him in his appeal. The record does not support this contention. On April 11, 1990, the Appeals Court allowed the motion of the defendant's counsel to withdraw. The Appeals Court clerk's notation states: "The [CPCS] to appoint replacement counsel. Appellant's brief and appendix is due 6/1/90." By letter, dated June 19, 1990, chief counsel of CPCS informed the defendant that "[he had] contacted the three attorneys and none is willing to accept this assignment. Please arrange for your own counsel and notify who it is, and we will compensate that attorney." The record also contains a letter from CPCS, dated January 28, 1991, to the defendant with a carbon copy to the clerk of the Appeals Court, stating: "After speaking to Attorneys Curtiss and Sheketoff I realize now that you discharged them. Attorney Merrigan has become a judge and is unavailable for any comments concerning your case. I have called Attorneys Wendy Sibbison, Allen Dershowitz, and Max Stern as well as submitting a written request for representation to Laurence Tribe per your request. The above mentioned have declined to accept your case. As you know, Attorney Silverglate, with whom you corresponded, has also rejected your case. It appears that you have exhausted our resources as well as your own to obtain compatible counsel for you. It may be that you wish to proceed pro se. In that event, you should contact the Appeals Court for briefing dates and all other pertinent information." That letter bears the following handwritten notation: "*Appeals Court* Appellant is to proceed pro se. Fine, J. 2/6/91."

Although this appeal is frivolous in the extreme, we decline to award the Commonwealth costs against an apparently indigent and incarcerated litigant.

*Judgment affirmed.*