# DAVID PARE *vs.* COMMONWEALTH.

Suffolk. February 8, 1995. - May 3, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Interlocutory appeal. *Privileged Communication.*

There was no error of law or abuse of discretion in a single justice's denial of a request of a criminal defendant charged with two counts of indecent assault and battery on a child under the age of fourteen for interlocutory relief under G. L. c. 211, § 3, from the denial of his pretrial motion asking for an ex parte hearing on the submission of the defense theory in connection with his seeking discovery of privileged psychiatric records of the complaining witness, where the defendant, under Mass. R. Crim. P. 13 (a) (2) & (a) (3), and pursuant to *Commonwealth* v. *Bishop*, 416 Mass. 169 (1993), was required to make disclosure of his theory to the prosecutor or forgo seeking privileged records. [216-219]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 12, 1994.

The case was heard by *O'Connor*, J.

*Carol A. Donovan*, Committee for Public Counsel Services, for the defendant.

*S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. A grand jury returned an indictment against David Pare (defendant) alleging two counts of indecent assault and battery on a child under fourteen years of age. The defendant sought discovery of privileged psychiatric records of the complaining witness. In seeking the privileged records, the defendant filed a motion asking for an ex parte hearing on the submission of his defense theory. See *Commonwealth* v. *Bishop*, 416 Mass. 169 (1993). The Superior Court judge denied the defendant's motion for an ex parte hearing. The defendant filed a request for interlocutory relief under G. L.

c. 211, § 3 (1992 ed.), in the Supreme Judicial Court for Suffolk County. A single justice of this court entered an order denying relief pursuant to G. L. c. 211, § 3. The defendant appeals. We affirm the order of the single justice denying relief.

The threshold issue in this case is what is properly before us. The defendant maintains that he has a full right of appeal on the merits to this court because the single justice "reached the merits" of the interlocutory issue and thus the appeal is properly before the court under G. L. c. 211, § 3. We conclude that there was no error in the denial of extraordinary relief under G. L. c. 211, § 3.

"It is well settled that we will not ordinarily review interlocutory rulings in criminal cases under G. L. c. 211, § 3, 'since the rights of criminal defendants are generally fully protected through the regular appellate process.'" *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980), quoting *Costarelli* v. *Commonwealth*, 374 Mass. 677, 679 (1978). "To obtain review, a defendant must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal." *Id.* See *Whitmarsh* v. *Commonwealth*, 366 Mass. 212, 215 (1974) ("[o]nly in the most exceptional circumstances will we review interlocutory rulings in criminal cases under our general superintendence powers," and only then "to avoid an error which 'might be irremediable, and possibly not curable even by a new trial since the defendants could not thereafter be placed in statu quo'"), quoting *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971). Compare *Maddocks* v. *Ricker*, 403 Mass. 592, 598 (1988) ("if an interlocutory order will interfere with rights in a way that cannot be remedied on appeal, the doctrine of present execution may permit the appeal"), citing *Borman* v. *Borman*, 378 Mass. 775, 779-780 (1979). General Laws c. 211, § 3, can "not be invoked to preempt the process of trial and appeal." *Schipani* v. *Commonwealth*,

382 Mass. 685, 686 (1980).[1] The defendant's complaint does not meet these requirements.

The defendant asserts that the denial of relief is a ruling on the merits. Although we do not agree, our cases have not always been consistent as to the extent of appellate review. See, e.g., *Ross* v. *Commonwealth, post* 1001 (1995); *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994); *Campiti* v. *Commonwealth*, 417 Mass. 454 (1994). Generally we review the ruling of the single justice for clear error of law or abuse of discretion. See, e.g., *Forte* v. *Commonwealth*, 418 Mass. 98, 99 (1994).

There was no error of law or abuse of discretion in denying the defendant's request for an ex parte submission. See Mass. R. Crim. P. 13 (a) (1)-(5), 378 Mass. 871 (1979). Section (a) provides that pretrial motions shall be in writing, supported by affidavits, and should be served on all parties or their attorneys. Nothing we said in *Commonwealth* v. *Bishop*, 416 Mass. 169 (1993), makes that rule inapplicable. The defendant is seeking privileged records and there is no justification in that circumstance for an ex parte disclosure of his request to the judge. The Commonwealth is entitled to protect those privileged records not required by *Bishop* to be disclosed and, in order to do so, they necessarily are entitled to see the defendant's stage 2 submission. A defendant must disclose his stage 2 submission to the prosecutor or forgo seeking privileged records. In that respect, that rule is consistent with disclosing a lack of criminal responsibility, see, e.g., *Blaisdell* v. *Commonwealth*, 372 Mass. 753 (1977), or alibi, see, e.g., *Commonwealth* v. *Edgerly*, 372 Mass. 337 (1977).

---

[1] A single justice may decide to reserve and report the case to the full court. That action is discretionary. See, e.g., *Burke* v. *Commonwealth*, 373 Mass. 157, 158-159 (1977) (as a general rule, the Supreme Judicial Court exercises its extraordinary power under G. L. c. 211, § 3, sparingly; "[h]owever, where . . . a single justice of this court reserves and reports an interlocutory matter to this court, we grant the litigant full appellate review"). The single justice did not reserve and report this matter.

If the defendant seeks privileged material, he must be prepared to disclose his request to the prosecutor.[2]

For the reasons stated, we affirm the order of the single justice.

*So ordered.*

---

[2] The defendant's reliance on Mass. R. Crim. P. 17 (b), 378 Mass. 886 (1979), is misplaced. The request for costs of a witness summons is of no concern to the Commonwealth. In the area of privileged records, the Commonwealth is entitled to receive the submission and make an appropriate response.