CHARLES DEMING *vs.* COMMONWEALTH. December 10, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Interlocutory appeal.

Charles M. Deming (defendant), who is charged in two indictments with forcible rape of a child in violation of G. L. c. 265, § 22A, appeals, pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from the denial of his petition under G. L. c. 211, § 3, by a single justice of this court. The defendant's petition sought relief from an interlocutory order of a judge in the Superior Court. The order denied the defendant's motion seeking that the prosecutor be directed to inquire of the mother of the alleged victims or, in the alternative, that the defendant's trial counsel be permitted to conduct a voir dire of the mother, to ascertain the identity of any therapists who provided treatment to her two sons after they had been sexually abused, specifically, during the time frame from December, 1996, to April, 1998, when they commenced therapy at the Massachusetts Society for the Prevention of Cruelty to Children. After a hearing, a single justice denied the defendant's petition, concluding that review of interlocutory matters "are generally not available under G. L. c. 211, § 3, where a criminal defendant's rights 'are generally fully protected through the regular appellate process,' " quoting *Pare* v. *Commonwealth,* 420 Mass. 216, 217 (1995). We affirm the judgment denying relief.

We inquire whether the single justice committed an abuse of discretion or other error of law. *Campiti* v. *Commonwealth,* 417 Mass. 454, 455 (1994). "The single justice's discretionary power of review under G. L. c. 211, § 3, is extraordinary and will be exercised only in the most exceptional circumstances." *Id.* A petitioner must not only demonstrate a substantial claim of violation of substantive rights, but also error that cannot be remedied under the ordinary appellate review process. *Id.* at 456, quoting *Dunbrack* v. *Commonwealth,* 398 Mass. 502, 504 (1986). Relief pursuant to G. L. c. 211, § 3, "is not a substitute for normal appellate review of interlocutory orders." *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83-84 (1991), and cases cited.

On this record, the single justice could properly conclude that the defendant has not demonstrated that review of this aspect of the interlocutory order warranted immediate relief. See *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue,* 406 Mass. 701, 708-709 (1990). See also *Carr* v. *Howard,* 426 Mass. 514, 517 n.3 (1998) (noting "discovery disputes are generally not appropriate" for review under G. L. c. 211, § 3). We also are not inclined to take up the issues raised by the defendant in advance of an appeal from any judgment or judgments of conviction.

The judgment denying relief under G. L. c. 211, § 3, is affirmed.

*So ordered.*

*Benjamin H. Keehn,* Committee for Public Counsel Services, for the defendant.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

*Daniel F. Conley,* District Attorney, *John P. Zanini & Amanda Lovell,* Assistant District Attorneys, for the District Attorney for the Suffolk District, amicus curiae, submitted a brief.