*Kevin Norris*, pro se.

CHARON RAY *vs.* COMMONWEALTH. June 26, 2006. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Charon Ray appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Ray has been indicted for murder and is awaiting trial. The Commonwealth sought and obtained from a judge in the Superior Court a protective order that, for security reasons, bars defense counsel from disclosing to Ray (and others not involved in Ray's legal representation) the names or addresses of civilian witnesses identified in discovery materials. Ray objected to the issuance of the order on the ground that it effectively precludes counsel from preparing a defense. Ray pressed the same claim in his G. L. c. 211, § 3, petition.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Under the rule, Ray must show that he lacks an adequate alternative to review under G. L. c. 211, § 3. Ray argues that, "[b]ecause the claim is that he cannot prepare his defense, he should not be required to go to trial, face conviction, and, if [convicted], exercise his right of appeal." That contention is unavailing. See *Chambers* v. *Commonwealth*, 421 Mass. 49, 50-51 (1995) (affirming denial of petition under G. L. c. 211, § 3, claiming lack of specificity in indictments prevented preparation of defense at trial; "the defendant has not demonstrated that any such improper impairment of the defense will be irremediable on appeal"). See also *Commonwealth* v. *Rivera*, 424 Mass. 266, 269-270 (1997), cert. denied, 525 U.S. 934 (1998) (court addressed on direct appeal claim that Commonwealth infringed on defendant's right to prepare defense by keeping addresses of its witnesses secret); *Commonwealth* v. *Cobb*, 379 Mass. 456, 469-470, vacated sub nom. *Massachusetts* v. *Hurley*, 449 U.S. 809 (1980), appeal dismissed, 382 Mass. 690 (1981) (court addressed on direct appeal claim that trial judge had erred in refusing to order prosecution to reveal addresses of its witnesses). We are not persuaded at this preliminary juncture that preventing counsel from sharing the identities of the witnesses with the defendant places this case in the category of those where even competent counsel cannot render constitutionally effective assistance, and thus ineffectiveness is presumed. Cf. *Powell* v. *Alabama*, 287 U.S. 45, 49-56 (1932) (ineffectiveness presumed where, six days before trial, judge appointed "all members of the bar" for purposes of arraignment only; where, on day of trial, out-of-State attorney appeared on behalf of persons "interested" in the defendants but was unwilling to represent defendants without time to prepare a defense; and where judge nonetheless directed attorney to represent defendants with whatever help local bar could provide). If

---

Ray is convicted, he may raise that claim and develop it further on direct appeal.

Furthermore, Ray's attempt to analogize his position to that of the petitioners in *Commonwealth* v. *Bing Sial Liang*, 434 Mass. 131, 133 (2001), and *District Attorney for the Norfolk Dist.* v. *Flatley*, 419 Mass. 507, 509 n.3 (1995) — where the court exercised its power under G. L. c. 211, § 3, to review discovery orders requiring the Commonwealth to divulge certain information — is misplaced because, if the Commonwealth in those cases had been required to comply with the discovery orders, there would have been no way later to remedy the disclosures. By contrast, Ray's counsel can comply with the protective order without Ray's incurring irreparable harm; Ray can, in the event he is convicted, challenge the propriety of the protective order on appeal.[1]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Willie J. Davis* for the petitioner.


---

[1]This case is unlike those where a party ordered to disclose discovery is required to disobey the order and suffer a sanction before obtaining appellate review because here the order is *not* to disclose information. If counsel were to violate the order and reveal the witnesses' identities (we accept counsel's representation that he will not do so), irreparable harm to the Commonwealth and others might follow.