JAY MCDONALD *vs.* COMMONWEALTH. January 4, 2008. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Constitutional Law,* Speedy trial.

Jay McDonald appeals from a judgment of a single justice of this court denying his petition for relief under G. L. c. 211, § 3, in which he challenged the denial of his motion to dismiss a criminal complaint. We affirm.

In February, 2005, a complaint (first complaint) issued from the District Court, charging McDonald with operating while under the influence of alcohol, fifth offense, and other offenses, and McDonald was arraigned on those charges. On the day of the jury-waived trial, a necessary witness for the Commonwealth failed to appear, although he or she had been summonsed. The trial judge therefore dismissed the first complaint without prejudice, with McDonald's consent. In November, 2006, the Commonwealth moved to restore the case to the trial list. That motion was denied after a hearing. In April, 2007, a new complaint (second complaint) issued from the District Court, charging McDonald with essentially the same offenses (apparently arising from the same alleged facts).[1] McDonald moved to dismiss the second complaint on the ground that allowing the case to proceed would violate his right to a speedy trial. That motion was denied. McDonald's G. L. c. 211, § 3, petition followed. The single justice denied relief on the ground that McDonald has an adequate remedy in the ordinary appellate process.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires McDonald to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." McDonald has not done so. "There is no entitlement, as of right, to review of an interlocutory order seeking to enforce the right to a speedy trial where the single justice neither decides the issue nor reports the matter to the full court." *Cousin* v. *Commonwealth,* 442 Mass. 1046, 1046 (2004), citing *Esteves* v. *Commonwealth,* 434 Mass. 1003, 1005 (2001). If McDonald is convicted, and if he has in fact suffered a violation of his speedy trial right, an appellate court can order that the complaint be dismissed. *Cousin* v. *Commonwealth, supra,* citing *Commonwealth* v. *Spaulding,* 411 Mass. 503 (1992). Contrary to his suggestion, the right to a speedy trial, unlike the right against double jeopardy, does not concern a right not to be tried at all.[2] *Esteves* v. *Commonwealth, supra* at 1004. See generally *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83 (1991) ("The denial of a motion to dismiss . . . is not appealable by a defendant until after trial. General Laws c. 211, § 3, may not be used to circumvent our rule").

In addition, McDonald has not filed a memorandum pursuant to Rule 2:21, but has filed only a record appendix consisting of copies of his G. L. c. 211, § 3, petition and the Commonwealth's opposition, along with a letter from counsel stating that the petition addresses the question whether adequate relief can be obtained in the regular course of appeal. This is contrary to the rule. S.J.C. Rule 2:21 (2) ("The record appendix *shall be accompanied by eight*

---

[1]The second complaint charges McDonald with operating while under the influence of alcohol, fourth offense.

[2]McDonald does not make any claim that his protection against double jeopardy has been violated.

*copies of a memorandum . . .* in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal . . . or by other available means" [emphasis added]). The purpose of this requirement is to focus the court's and counsel's attention on the narrow question whether, regardless of the merits of the substantive claim of error, the petitioner has an adequate remedy apart from resort to G. L. c. 211, § 3. McDonald's failure to comply with the rule presents a further reason not to disturb the judgment of the single justice.

*Judgment affirmed.*

The case was submitted on the papers filed.

*Jaclyn R. Greenhalgh* for the petitioner.