*James M. Doyle* for the petitioner.

LINANEL BROWN MADISON *vs.* COMMONWEALTH. December 11, 2013. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, Linanel Brown Madison, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Brown Madison was indicted in April, 2013, on several charges, including murder, unlawful possession of a firearm, and attempted armed robbery. Shortly thereafter, the Commonwealth filed a motion in the Superior Court for a protective order to limit the discovery of, among other things, witnesses' identifying information, including names and addresses. A judge allowed the motion in part, ordering that witnesses' addresses and telephone numbers not be disclosed to Brown Madison or his counsel. To the extent that the Commonwealth also sought to protect the witnesses' names from Brown Madison, the judge denied the motion. Brown Madison thereafter filed his G. L. c. 211, § 3, petition in the county court, arguing that the order deprives him of several State and Federal constitutional rights. In particular, he argued that the order will limit his ability to prepare a defense and infringes on his right to receive effective assistance of counsel.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Brown Madison has not made such a showing. He suggests the ways in which he believes that his constitutional rights will be violated if the protective order remains in place, but as to why review of the order cannot adequately be obtained in a direct appeal he argues only that "he will be irremediably and irreparably deprived of his" constitutional rights, and that "[i]f interlocutory review is not granted, the constitutional deprivation will perpetuate without remedy." He does not elaborate on the point and has not, in short, presented any reason why the discovery order cannot be adequately reviewed in an appeal from any adverse judgment. See *Deming* v. *Commonwealth*, 438 Mass. 1007 (2002), citing *Carr* v. *Howard*, 426 Mass. 514, 517 n.3 (1998) (discovery disputes generally not appropriate for review under G. L. c. 211, § 3). See also *Ray* v. *Commonwealth*, 447 Mass. 1008, 1008-1009 (2006), and cases cited (rejecting claim that relief under G. L. c. 211, § 3, was required because discovery order allegedly restricted counsel's ability effectively to prepare for trial).

He also argues that review pursuant to G. L. c. 211, § 3, is warranted because he is raising statutory and constitutional issues that he claims are matters of first impression. He did not raise this before the single justice, and we

therefore need not address it.[1] See *Carvalho* v. *Commonwealth*, 460 Mass. 1014 (2011), and cases cited. In any event, these issues can be adequately and effectively explored in a direct appeal, if and when Brown Madison is convicted. Extraordinary intervention under our general superintendence power is not necessary.

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Joseph F. Krowski* for the petitioner.

---

[1]Furthermore, as to Brown Madison's argument that G. L. c. 211, § 3 has "been identified" as a proper avenue to seek review of "improper" discovery orders involving important constitutional rights, the cases that he cites are inapposite. In most of those cases, the single justice, in his or her discretion, reserved and reported the case to the full court, unlike the single justice here. See *Martin* v. *Commonwealth*, 451 Mass. 113, 119 (2008) (when single justice has reserved and reported case to full court, court grants "full appellate review of the issues reported"). In any event, the fact that the court sometimes considers constitutional issues on interlocutory review pursuant to G. L. c. 211, § 3, does not mean that review in this manner is always required.