NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12071

JONATHAN MARTINEZ  vs.  COMMONWEALTH.


July 26, 2016.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Discovery, Subpoena.


     Jonathan Martinez appeals from a judgment of a single
justice in the county court denying, without a hearing, his
petition for relief under G. L. c. 211, § 3.  Martinez stands
indicted for several drug offenses.  Pursuant to Mass. R. Crim.
P. 17 (a) (2), 378 Mass. 885 (1979), he moved for issuance of a
subpoena, seeking certain statistical data maintained or
controlled by the registry of motor vehicles, which he claimed
would be relevant to support his claim that he was subjected to
selective enforcement and racial profiling.[1]  A judge in the
Superior Court denied the motion.  Martinez's G. L. c. 211, § 3,
petition followed.  We affirm the judgment.

     The case is before us pursuant to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001), which requires Martinez to "set
forth the reasons why review of the trial court decision cannot
adequately be obtained on appeal from any final adverse judgment
in the trial court or by other available means."  Martinez has

_____

     [1] Martinez also filed a motion pursuant to Mass. R. Crim. P.
14, as appearing in 442 Mass. 1518 (2004), seeking an order that
the Commonwealth produce similar information maintained by the
Braintree police department.  That motion was denied by the same
judge, as was a motion for reconsideration.  Martinez filed a
G. L. c. 211, § 3, petition challenging those rulings (first
petition), which a different single justice denied without a
hearing.  Martinez did not appeal from that judgment to the full
court.  The first petition is thus not before us.

not done so.  If Martinez is convicted of any offense, he will have the opportunity to raise his issues in the ordinary appellate process.[2]  Discovery matters such as this are routinely addressed on direct appeal.  See <u>Deming</u> v. <u>Commonwealth</u>, 438 Mass. 1007, 1007 (2002), citing <u>Carr</u> v. <u>Howard</u>, 426 Mass. 514, 517 n.3 (1998) (discovery disputes generally not appropriate for review under G. L. c. 211, § 3).  The single justice neither erred nor abused his discretion by denying extraordinary relief.

In addition, Martinez has not filed a memorandum pursuant to rule 2:21, but has filed only what appears to be a copy of the petition he filed in the county court.  This does not comply with the rule.  S.J.C. Rule 2:21 (2) ("The record appendix <u>shall be accompanied by eight copies of a memorandum</u> . . . in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal . . . or by other available means" [emphasis added]).  "The purpose of this requirement is to focus the court's and counsel's attention on the narrow question whether, regardless of the merits of the substantive claim of error, the petitioner has an adequate remedy apart from resort to G. L. c. 211, § 3." <u>McDonald</u> v. <u>Commonwealth</u>, 450 Mass. 1020, 1021 (2008).  Martinez's failure to comply with the rule presents a further reason not to disturb the judgment of the single justice.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.
<u>Christopher L. Malcolm</u> for the petitioner.

---

[2] Martinez suggests that if he is acquitted of all charges, he will not have this opportunity to obtain appellate review.  In that circumstance, however, any selective enforcement will not have caused him any harm remediable in the criminal proceeding.  This does not provide a basis for extraordinary relief.