NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12270


JAMES RIVA  vs.  MASSACHUSETTS PAROLE BOARD.


August 18, 2017.


Supreme Judicial Court, Superintendence of inferior courts.  Parole.  Practice, Criminal, Discovery.


The petitioner, James Riva, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3.  We affirm.

Riva is currently serving a life sentence for second degree murder.  After the parole board (board) denied him parole in January, 2015, he filed a complaint in the Superior Court seeking certiorari review and a declaratory judgment in connection with claimed constitutional violations that occurred in the course of the proceedings before the board.  The board's motion to dismiss the complaint was allowed as to the declaratory judgment claim but denied as to the certiorari claim.  Riva's subsequently-filed motion to compel discovery was initially denied, but, on Riva's motion for reconsideration, the motion judge indicated that the motion was allowed "to the extent that the administrative record shall reflect the evidence relied upon by the parole board to issue its decision."  Riva then filed a "motion for relief," which also pertained to certain discovery.  After this motion was denied, Riva filed his G. L. c. 211, § 3, petition in the county court.  In the petition, he argued that his case could not proceed in the trial court without the requested discovery.  The single justice denied the petition without a hearing.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that "review of the trial court decision cannot adequately be

obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  Riva has not made, and cannot make, such a showing.  He argues that the board has been "allowed" to "disobey a compelled discovery order" and that, essentially, if the board is allowed to continue to do so, the issue will eventually become moot by the time he is again eligible for parole.  There is no reason, however, why the rulings related to discovery cannot adequately be addressed in an appeal from any adverse judgment, including the mootness issue.  See, e.g., Madison v. Commonwealth, 466 Mass. 1033, 1033 (2013), and cases cited.

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

James Riva, pro se.