NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13462

DEYQUOINE MITCHELL  vs.  COMMONWEALTH.

September 21, 2023.

Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Discovery.


     Deyquoine Mitchell appeals from a judgment of the county
court denying, without a hearing, his petition for extraordinary
relief under G. L. c. 211, § 3.  We affirm.

     Mitchell has been charged with possession of a large
capacity firearm and possession of a class D substance with
intent to distribute.  He filed a motion for discovery of
evidence related to police practices.  A judge in the Superior
Court denied the motion.  Mitchell's petition sought relief from
that ruling.

     Mitchell has filed a memorandum and appendix pursuant to
S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which
requires him to "set forth the reasons why review of the trial
court decision cannot adequately be obtained on appeal from any
final adverse judgment in the trial court or by other available
means."  He has not done so.  "If [Mitchell] is convicted of any
offense, he will have the opportunity to raise his issues in the
ordinary appellate process."  Martinez v. Commonwealth, 475
Mass. 1001, 1001 (2016).  "[W]e have repeatedly stated that
'[d]iscovery matters such as this are routinely addressed on
direct appeal.'"  Pinney v. Commonwealth, 487 Mass. 1029, 1030
(2021), quoting Martinez, supra.  The single justice neither
erred nor abused her discretion by denying relief under G. L.
c. 211, § 3.

                              Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Darren T. Griffis & Sarah Varney</u> for the petitioner.