COMMONWEALTH vs. CLAYTON LIBBY.

Suffolk. March 7, 1989. — June 22, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Homicide. Practice, Criminal,* Instructions to jury, Retroactivity of judi-
cial holding, Presumptions and burden of proof, Capital case. *Malice.
Intoxication. Words,* "Implied."

At a murder trial, the judge's unobjected-to instructions to the jury on rea-
sonable doubt, when viewed as a whole, did not unconstitutionally
diminish the Commonwealth's burden of proof, or otherwise create a
substantial likelihood of a miscarriage of justice. [233-234]

Although the judge at a murder trial could have better distinguished for the
jury between the "intention to kill" component of malice aforethought
and deliberate premeditation, the judge's instruction to the jury on delib-
erate premeditation did not create a substantial likelihood of a miscarriage
of justice. [234]

The holding of this court in *Commonwealth* v. *Perry,* 385 Mass. 639, 648-
649 (1982), that, where the evidence warrants it, the defendant's intoxi-
cation is a proper factor to consider in determining whether a murder
was committed with extreme atrocity or cruelty, was not retroactively
applicable to a trial conducted in 1971. [234]

In the factual context of a murder case in which the victim was stabbed se-
verely nine times and in light of the judge's entire instructions to the
jury on malice, his words, "malice is implied in every deliberate cruel
act by one against another," did not create a substantial likelihood of a
miscarriage of justice, or dictate an unconstitutional presumption to the
jury. [234-235]

At a murder trial, the judge's use of the language "if you find within a realm
of what I have explained to you" did not constitute an unconstitutional
shifting of the burden of proof to the defendant on the issue of the
existence of provocation, nor did it raise a substantial likelihood of a
miscarriage of justice where, on proper instructions, the jury found either
deliberate premeditation or extreme atrocity or cruelty, or both. [235-236]

INDICTMENT found and returned in the Superior Court on
October 9, 1970.

The case was tried before *Robert Sullivan,* J.

*Patricia A. O'Neill,* Committee for Public Counsel Services, for the defendant.

*Lauren Inker,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant appeals from his conviction of murder in the first degree of Bruce R. Cullen in August, 1970. The judge charged the jury on the theories of deliberate premeditation and extreme atrocity or cruelty as the bases for a conviction of murder in the first degree. Except for his general claim for relief under G. L. c. 278, § 33E (1986 ed.), the defendant's appellate arguments are all directed to alleged errors in the judge's jury instructions, none of which was the subject of an objection at trial. We, therefore, consider each of these challenges only to determine whether there was a substantial likelihood of a miscarriage of justice (G. L. c. 278, § 33E), recognizing that constitutionally based arguments that apply to this trial are fully before us. We affirm the conviction.

Only a brief recitation of the evidence that the jury could have believed need be recounted. The defendant stabbed the victim nine times during a brawl among several young men in front of an apartment building in South Boston on August 9, 1970. There was evidence that the codefendant, who was found not guilty, had held the victim while someone stabbed him. After the stabbing, the defendant made several damaging admissions to various acquaintances. There was evidence that the defendant had consumed alcohol, marihuana, and perhaps "diet pills" shortly before the incident.

The defendant was tried and convicted in 1971. The reasons why his appeal did not arrive at this court until eighteen years later are not fully apparent on the record before us. A close inspection of the circumstances would probably show at least a lack of diligence by the defendant, his former counsel, and representatives of the Commonwealth. If we were to order a new trial, the defendant might well be justified in claiming that the passage of time has prejudiced his right to a fair trial. The passage of time has probably also prejudiced the Commonwealth's ability to present a case on retrial. There is, however, no basis for granting a new trial.

The defendant's appeal, on the other hand, has not been prejudiced in its quality or force because of the passage of time. See *Commonwealth* v. *Hudson,* 404 Mass. 282, 285 (1989); *Commonwealth* v. *Weichel,* 403 Mass. 103, 109 (1988). Indeed, ironically, each argument the defendant advances challenges a portion of the jury's instructions that would probably not have been seen as an arguable defect if his appeal had been heard within a reasonable time after his conviction. Thus the defendant has been able to rely in this appeal on judicial decisions that were not available when appeals of persons similarly convicted were considered. It may fairly be said that the strength of most of the defendant's appellate arguments has been enhanced by the delay.[1]

1. The judge's charge on reasonable doubt did not unconstitutionally diminish the Commonwealth's burden of proof. The judge gave two examples of situations in which, although one could not be absolutely certain that a fact was true, a finding of that fact beyond a reasonable doubt would be warranted. The examples were appropriate in demonstrating that proof beyond all doubt was not required.

The judge's reference to proof beyond a reasonable doubt as requiring proof "to that degree of certainty upon which you would act in the important affairs of your own life," without his

---

[1] The defendant filed in this court a motion under Mass. R. Crim. P. 30, 378 Mass. 900 (1979), seeking dismissal of the indictment because of the delay in perfecting his appeal and because the delay foreclosed an adequate posttrial investigation by subsequent counsel. As we have said, there is no showing that prejudicial delay affected the issues argued in this appeal. The rule 30 motion alleges a blocking of the defendant's appellate rights by judicial department personnel. Such a deliberate blocking could provide a basis for a finding of constitutional error requiring that the defendant be afforded relief. See *Commonwealth* v. *Hudson, supra* at 284, and cases cited. On the material before this court, any claim that the defendant's postconviction rights to question the effectiveness of trial counsel were prejudiced is speculative.

The defendant is entitled to consideration of his rule 30 motion at the trial level. We shall remand that motion to the Superior Court for consideration. Among the elements to consider will be the lack of diligence, if any, of the defendant. It may be difficult to produce anything other than public records bearing on most aspects of the slow course of the appeal. Trial counsel is deceased, as is the trial judge.

making any accompanying reference to specific examples, is not ground for reversal. See *Commonwealth* v. *Garcia,* 379 Mass. 422, 440 (1980); *Commonwealth* v. *Williams,* 378 Mass. 217, 232 (1979).

The claim that the judge unfairly focused the jury's attention on the consequences of failing to convict a person shown to be guilty beyond a reasonable doubt is not supported by a reading of the charge as a whole. The charge forcefully balanced the defendant's rights against those of the Commonwealth. We conclude that the instruction on reasonable doubt, viewed as a whole, was free of error. See *Commonwealth* v. *Festa,* 388 Mass. 513, 515 (1983).

2. The judge could have better distinguished for the jury between the "intention to kill" prong of malice aforethought and deliberate premeditation. We have recognized that a jury charge equating deliberate premeditation with an intent to kill (which would constitute malice) could make unjustifiable a conviction of murder in the first degree. See *Commonwealth* v. *Lennon,* 399 Mass. 443, 446-450 (1987). In this case, however, unlike in the *Lennon* case, the judge gave an accurate definition of deliberate premeditation, and the jury were explicitly instructed that they had to find both malice and deliberate premeditation in order to convict the defendant of murder in the first degree on the theory of deliberate premeditation. The charge on deliberate premeditation, although less clear than it could have been, did not create a substantial likelihood of a miscarriage of justice.

3. The rule of *Commonwealth* v. *Perry,* 385 Mass. 639, 648-649 (1982), that, where the evidence warrants it, the defendant's intoxication is a proper factor to consider in determining whether a murder was committed with extreme atrocity or cruelty, is not retroactively applicable to a trial in 1971. *Commonwealth* v. *Breese,* 389 Mass. 540, 550 (1983). There is no special aspect of this case that causes us to take a different view of the absence of an instruction on intoxication in relation to extreme atrocity or cruelty.

4. The defendant challenges the portion of the judge's charge that said "[m]alice is implied in every deliberate cruel act

by one against another." He claims that the judge's words created
an unconstitutional presumption of malice if the jury found that
the defendant committed a deliberate cruel act against the victim.
See *Francis* v. *Franklin,* 471 U.S. 307, 325 (1985); *Sandstrom*
v. *Montana,* 442 U.S. 510, 523 (1979); *Commonwealth* v. *Re-poza,* 400 Mass. 516, 517-518 (1987). We disagree. The word
"implied" carries far less force than does the word "presumed"
or even the word "inferred." To say something is implied does
not make it so. To say something is "presumed" does.

The judge's statement was too broad as applied to all delib-
erate cruel acts. When, however, it is considered as applied
to a victim stabbed severely nine times, the act of the perpetrator
would be intentional and cruel (which, we take to mean, in
part, unprovoked or not in self-defense), and would imply
malice. In the context of the facts of this case and in light of
the judge's entire instruction on malice (which is not otherwise
challenged), we see neither a substantial likelihood of a miscar-
riage of justice calling for relief under G. L. c. 278, § 33E,
nor an unconstitutional presumption dictated to the jury.

5. At oral argument the defendant raised a point not pre-
sented at the trial or in his appellate brief. He complains that
the judge improperly shifted the burden of proof to the defend-
ant on the issue of the existence of provocation that would
negate a finding of malice and thus would justify only a verdict
of guilty of manslaughter. See *Mullaney* v. *Wilbur,* 421 U.S.
684, 703-704 (1975).

The circumstances in which the defendant came to stab the
victim are so sketchy that an instruction on provocation was
probably given only as an excess of caution. Contrast *Common-wealth* v. *Boucher,* 403 Mass. 659, 661 (1989), where there
was evidence of physical provocation by the victim. The charge
on manslaughter presented in the heart of the judge's instruction
is unchallenged and unexceptionable. Only when the judge
came to explain the jury's options as to the verdicts they might
return did any finding language appear in the charge.[2]

---

[2] The judge said "if you find within a realm of what I have explained to
you with regard to manslaughter, if you find there was provocation and that
provocation cannot only be by words, but if there was provocation extreme

The judge had told the jury that the Commonwealth had to prove the elements of murder beyond a reasonable doubt. He further explained that provocation negated malice. Contrast *Commonwealth* v. *Boucher, supra* at 661-663. The judge's use of finding language "within a realm of what I have explained to you" does not constitute unconstitutional burden shifting nor does it raise a substantial likelihood of a miscarriage of justice where, on proper instructions, the jury found either deliberate premeditation, extreme atrocity or cruelty, or both.

6. The defendant seeks relief under G. L. c. 278, § 33E, on the ground that there was evidence that he was highly intoxicated at the time of the crime and because there was no eyewitness who identified him as the person who wielded the knife.

The judge did not tell the jury that they could not consider the defendant's degree of intoxication in determining whether the Commonwealth had proved each element of the crime beyond a reasonable doubt. He correctly told the jury that the voluntary consumption of alcohol was not an excuse.[3]

The defendant argues correctly that the motives of the persons who presented incriminating evidence against him were suspect and that much of the evidence against him was subject to serious challenge. These arguments were for the jury to weigh. In performing our § 33E function, we do not act as a second jury.

This case involves a senseless brawl, fueled by alcohol and other drugs. The defendant and the victim were strangers. Had there been but one stab wound, we might well have regarded this case as one of a class not typically involving murder in the first degree. See *Commonwealth* v. *Keough,* 385 Mass. 314, 320-321 (1982); *Commonwealth* v. *Williams,* 364 Mass. 145,

---

enough to palliate and reduce this crime, you may find, a fifth possible verdict, guilty of manslaughter."

[3] The judge did tell the jury that a defendant's knowledge was not relevant in deciding whether a murder was committed with extreme atrocity or cruelty and that, on this point, his intoxication, if any, played no part in the jury's determination. That was a correct statement of the law at the time. See *Commonwealth* v. *Appleby,* 358 Mass. 407, 415-416 (1970). For the more recent law on this point, see the discussion in part 3 of this opinion.

152 (1973). Here, however, there were nine separate acts of stabbing, six to the victim's front and three to his back. Moreover, we cannot discount the evidence of a seemingly impartial witness that at least some of the stab wounds were inflicted while the victim was being held by a third person.

In fulfilling our § 33E function, we decline to order a new trial or to direct that a verdict of a lesser degree of guilt be entered. We affirm the judgment and remand the defendant's motion under rule 30 to the Superior Court for consideration.

*So ordered.*