COMMONWEALTH *vs.* MATTHEW J. GRUSKA. No. 90-P-804. April 24, 1991. *Motor Vehicle*, Operating under the influence. *Evidence*, Intoxication, Right to obtain evidence. *Practice, Criminal*, Appeal by Commonwealth. *Due Process of Law*, Delay in appeal.

The defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor. His motion to dismiss the charge on the ground that the police had failed to follow the requirements of G. L. c. 263, § 5A, with respect to his right to request an independent physical examination at his own expense, was allowed by a District Court judge after an evidentiary hearing. The Commonwealth filed a notice of appeal on December 17, 1987. The appeal was not entered in this court until July 10, 1990. The Commonwealth contends that there was compliance with § 5A. The defendant argues that the Commonwealth's appeal should be dismissed for prejudicial delay.

1. *The G. L. c. 263, § 5A, claim.* The defendant contends that he was deprived of his right to notice in accordance with the terms of the statute. General Laws c. 263, § 5A, requires that a person in custody and charged with operating a motor vehicle under the influence of intoxicating liquor be informed of his right to obtain an independent physical examination immediately after he is booked and that he also be given a copy of the statute, unless a copy is conspicuously posted in the place of detention.[1] The stat-

---

[1] General Laws c. 263, § 5A, as amended by St. 1983, c. 557, provides: "A person held in custody at a police station or other place of detention, charged with operating a motor vehicle while under the influence of intoxicating liquor, shall have the right, at his request and at his expense, to be examined immediately by a physician selected by him. The police official in charge of such station or place of detention, or

ute's purpose is to provide the arrested person with the opportunity to seek an independent medical examination which might provide exculpatory evidence regarding his sobriety. *Commonwealth* v. *Andrade*, 389 Mass. 874, 881-882 (1983). "Prior to 1960, G. L. c. 263, § 5A, ended with the sentence providing that the police official in charge of the station where the defendant is held should inform the defendant of his right and allow a defendant reasonable opportunity to exercise that right. St. 1958, c. 401. In 1960, the Legislature added the sentence requiring the police either to provide a defendant with a copy of G. L. c. 263, § 5A, or to post a copy of it in a conspicuous place. . . . The Legislature's creation of this additional right evinces the Legislature's concern that defendants be adequately informed of their right to an independent examination." *Id.* at 877-878.

The motion judge found[2] that, at the time the defendant was booked, he was shown a copy of G. L. c. 263, § 5A, in a looseleaf binder and was given an opportunity to read the statute. It was also read to him. He showed no interest in it. Police officers who were present during the booking testified that the defendant was given three to four minutes to read the statute, that he was told that the statute was very important and that he should read it, and that it was then read aloud to him "word for word." The defendant had been involved in a head-on collision, his nose had been broken, and he had apparently been unconscious at the scene of the accident for an unknown period of time. He testified that he had been dazed when he was booked and had no recollection of being informed of his right under the statute. No copy of the statute was posted at the police station, and the defendant was not given a copy.

The police did not comply with the letter of G. L. c. 263, § 5A, because they failed either to post a copy of the statute or to give a copy to the defendant. However, literal compliance would not have afforded the defendant notice beyond that required by the statute. Compare *Commonwealth* v. *Andrade*, *supra* at 877, 878-879. Indeed, if the statute had been posted on a wall of the police station, there would have been compliance with § 5A if the police had merely brought this to the attention of the defendant, after, as they did here, informing him of the statutory right. *Ibid.*

Moreover, "[t]here was no indication in the evidence of any police attempt or desire to avoid or subvert the policy behind § 5A."[3] *Commonwealth* v. *Atencio*, 12 Mass. App. Ct. 747, 750 (1981). Indeed, in part at

---

his designee, shall inform him of such right immediately upon being booked, and shall afford him a reasonable opportunity to exercise it. Such person shall, immediately upon being booked, be given a copy of this section unless such a copy is posted in the police station or other place of detention in a conspicuous place to which such person has access."

[2] The judge gave no rationale for his decision.

[3] Apparently, the police station was a new facility, having been occupied for about two weeks.

least at the urging of the police, they brought the defendant to a hospital for treatment of his injuries. No examination of his blood alcohol level was there performed. See *Commonwealth* v. *Alano*, 388 Mass. 871, 879 (1983). We hold that, in the circumstances, the defendant was given adequate notice of his right to an independent physical examination and, therefore, that it was error to dismiss the complaint. We hasten to add, however, that strict compliance with the requirements of G. L. c. 263, § 5A, should be the unaltered practice. See *Commonwealth* v. *Andrade*, *supra* at 879 (noncompliance may, however, be justified by exigent circumstances, by defendant's inebriation such that notification would have been "futile," and by evidence of defendant's belligerence or inability or unwillingness to cooperate). Absolute compliance will leave no room for doubt whether the notice requirements have been met and will also avoid lapses into lax procedures which could result in the dismissal of a complaint. See *Commonwealth* v. *Andrade, supra* at 878; *Commonwealth* v. *Kelley*, 404 Mass. 459, 464 (1989).

2. *Delay in the appellate process.* The defendant argues that the Commonwealth's appeal should be dismissed because of a negligent delay of nearly two years in having the transcript prepared. The request for dismissal is based on Mass.R.Crim.P. 36(c), 378 Mass. 912 (1979), and on principles of due process. The rule 36(c) claim (essentially involving the denial of due process) is not properly before us. It should be raised by a motion to dismiss the complaint made to a District Court judge who must determine whether there has been both an unreasonable lack of diligence by the prosecution and prejudice to the defendant.[4] As for the due process claim, the defendant, relying on *Commonwealth* v. *Hudson*, 404 Mass. 282, 283-285 (1989), states that the delay is "likely" to impair his ability to present witnesses in his defense. The reliance is misplaced. In order to succeed under the principles of *Hudson*, the defendant must show either that the delay was deliberately caused by the prosecution or that it was prejudicial to his presentation of arguments on appeal. See *ibid.* and cases cited. Cf. *Commonwealth* v. *Libby*, 405 Mass. 231, 232-233 & 233 n. 1 (1989). The defendant has shown neither; he expressly disavows prejudice.

*Order dismissing complaint*
*reversed.*

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

*Richard J. Ianello* for the defendant.

---

[4]Massachusetts Rule of Criminal Procedure 36(c), provides: "Notwithstanding the fact that a defendant is not entitled to a dismissal under subdivision (b) of this rule, a defendant shall upon motion be entitled to a dismissal where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."