COMMONWEALTH *vs.* CLAYTON LIBBY.

Suffolk. September 5, 1991. - November 12, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Constitutional Law*, Delay in appeal. *Malice.*

Dismissal of an indictment for first degree murder was not required on
account of a sixteen-year delay in the perfecting of the defendant's ap-
peal, where the neglectful conduct of the State agents involved could
not be characterized as deliberate blocking of the defendant's rights,
nor did the record support the defendant's claim that he was prejudiced
by the delay. [178-181]

No reason appeared for this court to reconsider, pursuant to G. L. c. 278,
§ 33E, the judge's instruction on malice in a first degree murder case.
[181-182]

INDICTMENT found and returned in the Superior Court on
October 9, 1970.

After review reported at 405 Mass. 231 (1989), a motion
to dismiss the indictment or for other appropriate relief was
heard by *Herbert Abrams*, J.

*Patricia A. O'Neill*, Committee for Public Counsel Ser-
vices, for the defendant.

*Lauren Inker*, Assistant District Attorney, for the
Commonwealth.

ABRAMS, J. After our opinion in *Commonwealth v. Libby*,
405 Mass. 231 (1989), a hearing was held on the defendant's
motion to dismiss the indictment or for other appropriate re-
lief filed in this court prior to our rescript. See *Common-
wealth v. Libby, supra* at 233 n.1. After an evidentiary hear-
ing, the motion judge[1] denied the defendant's motion. The
defendant appealed. We affirm the order of the Superior

---

[1]The trial judge is deceased.

Court denying the defendant's motion to dismiss the indictment or for other appropriate relief.

In his motion to dismiss, the defendant asserts that the delay between his conviction on June 2, 1971, and the restoration of his appellate rights on November 4, 1987, requires dismissal of the indictment charging him with murder in the first degree. He claims that dismissal is required based on the length of the delay and the conduct of State officials. We disagree with the defendant that dismissal of the indictment is required.

On the record before us, the delay appears to be largely attributable to the two court-appointed attorneys who shamefully neglected their client. In light of the defendant's actions in attempting to perfect his appeal, there is no excuse for the indifference of the clerk's office and the prosecutor's office. Although the defendant made clear his desire to appeal, when his appeal was dismissed in 1975, he was not notified. After the efforts of the clerk for criminal business in 1973 to perfect the appeal, no one on behalf of the Commonwealth did anything to assist this defendant in his attempt to obtain an appeal. It behooves prosecutors, as well as clerks, to bring neglectful counsel to the attention of the trial judge as soon as defense counsel's neglect becomes apparent. In cases in which a defendant has been convicted of murder in the first degree, some reporting or other mechanism should be used to make certain that such neglect does not go undetected and unremedied. In the absence of extraordinary circumstances, no judge should dismiss an appeal from a conviction of murder in the first degree. It is in the best interest of the Commonwealth, as well as defendants, that criminal appeals be disposed of as promptly as possible.

We turn to the issue raised by the defendant's appeal. There are only two circumstances in which a delayed appeal "may rise to the level of constitutional error": where State agents have deliberately blocked the defendant's appellate rights, or where the delay is "inordinate and prejudicial." *Commonwealth* v. *Swenson*, 368 Mass. 268, 279-280 (1975). *Commonwealth* v. *Hudson*, 404 Mass. 282, 284 (1989).

*Commonwealth* v. *Weichel*, 403 Mass. 103, 109 (1988). *Commonwealth* v. *Thomas*, 400 Mass. 676, 684 (1987). *Commonwealth* v. *Lee*, 394 Mass. 209, 220 (1985). *Williams, petitioner*, 378 Mass. 623, 625 (1979).

The evidence does not support the defendant's claim of deliberate blocking of his appeal. In 1971, two days after the defendant was convicted, his trial counsel filed a claim of appeal. Trial counsel failed to request a transcript and, therefore, no action was taken on the appeal. In late 1972, the defendant, pro se, asked for new counsel. Nothing happened. The defendant repeated his requests for a transcript, new counsel, and dismissal of trial counsel in June, 1973.

These motions were accompanied by a cover letter in which the defendant informed the clerk for criminal business of the Superior Court in Suffolk County that "there will be no question regarding my wish to prosecute a full and direct appeal" and that "it is my intention not to waive a single right that is due me unless counsel first discusses same with me prior to the waiver." That letter prompted the clerk's office to write to defense counsel and inquire whether he intended to pursue the appeal. Trial counsel did not respond. The clerk's office then wrote to the trial judge. Thereafter, in September, 1973, there was a hearing before the trial judge. At that hearing, the transcripts were ordered. The defendant's counsel said he had been ill, and the judge told the defendant that if he (the defendant) withdrew his motion to dismiss trial counsel, trial counsel would proceed with the appeal. The defendant agreed to withdraw the motion. The defendant never heard from trial counsel again.[2]

Trial counsel then failed to follow the procedural steps needed to perfect the appeal. The clerk submitted an order to the trial judge requesting dismissal of the appeal because of trial counsel's procedural defaults. The trial judge dismissed the appeal. Trial counsel and the prosecutor were notified of the dismissal in 1975. The defendant was not personally notified.

---

[2]Trial counsel is now deceased.

In April, 1979, the defendant again inquired about his appeal. One month later, a second attorney was appointed to prosecute the defendant's appeal. That attorney visited the defendant a month later. After the visit, the attorney appointed to represent the defendant failed to respond to six letters by the defendant and did not communicate with the defendant. Thereafter, the defendant was transferred to a prison in Illinois for four years. See *Blake* v. *Commissioner of Correction*, 390 Mass. 537 (1983). See also *Blake* v. *Commissioner of Correction*, 403 Mass. 764 (1989).[3]

In July, 1986, the defendant filed a Federal habeas corpus petition in the United States District Court for the District of Massachusetts. The District Court appointed an attorney from the Committee for Public Counsel Services to represent the defendant. In 1987, the defendant and new counsel requested that a single justice order the reinstatement of his appeal. A single justice did so and the defendant's direct appeal was entered in this court in 1988. Prior to oral argument on his appeal, the defendant filed a motion in this court seeking dismissal of the indictment or appropriate relief because of the "deliberate blocking of his appellate rights" by State officials. After rescript, we remanded that motion to the Superior Court.

After an evidentiary hearing, the motion judge determined that at least four years of delay were unquestionably attributable to State officials, but that their actions were not the equivalent of deliberate blocking. There was no error. Although we condemn the manner in which the defendant's appeal was mishandled, we agree with the motion judge that there is no evidence of intentional or deliberate misconduct on the part of State agents. The judge correctly concluded that the neglectful conduct of the State agents in this case cannot be characterized as deliberate blocking.

---

[3]The defendant does not argue that he was transferred to prevent him from pursuing his appeal. The defendant argues only that the transfer further delayed his appeal.

The defendant next contends that he was prejudiced by the delay. The thrust of the defendant's argument is that, because memories have faded and witnesses have died, he will never know of what new evidence he may have been deprived, if any. When the defendant's direct appeal was before us, we found this claim, on the material before us then, speculative. *Commonwealth* v. *Libby, supra* at 233 n.1. At the motion hearing, the defendant offered no evidence on this issue which was not before us on the direct appeal. We already have determined that the defendant's direct appeal itself was not "prejudiced in its quality or force because of the passage of time." *Id.* at 233. On the contrary, "the strength of most of the defendant's appellate arguments [was] enhanced by the delay." *Id.* The record does not support the defendant's claim that he was prejudiced.

Prior to the arguing of the appeal, the defendant petitioned the single justice for permission to include in his brief a request that we reconsider the judge's instruction on malice, see *Commonwealth* v. *Libby, supra* at 234-235, in light of *Hill* v. *Maloney*, 927 F.2d 646 (1st Cir. 1990). Although, as the single justice pointed out, "[t]he usual way of raising such an issue would be by motion for new trial in the trial court which, if denied, could be the subject of a request for appeal pursuant to G. L. c. 278, § 33E [1990 ed.]," the single justice permitted the issue to be briefed, reserving for the full court the decision "whether the argument should be considered again pursuant to G. L. c. 278, § 33E."

In *Commonwealth* v. *Libby*, we held that, "[i]n the context of the facts of this case and in light of the judge's entire instruction on malice (which is not otherwise challenged), we see neither a substantial likelihood of a miscarriage of justice calling for relief under G. L. c. 278, § 33E, nor an unconstitutional presumption dictated to the jury [by this instruction]." *Commonwealth* v. *Libby, supra* at 235.

Moreover, the difference between the improper malice instruction in *Hill* v. *Maloney, supra* at 648 ("malice is implied from any deliberate *or* cruel act against another, however sudden" [emphasis added]), and the malice instruction

given, without objection by defense counsel, to the defendant's jury ("[m]alice is implied in every deliberate cruel act by one against another") is more than just semantic, as the opinion of the United States Court of Appeals for the First Circuit clearly indicates. It was precisely the "or" conjunction which the First Circuit Court of Appeals found rendered the instruction improper: "[a]lthough another possible interpretation of the phrase 'deliberate or cruel' would be to equate the two concepts in a manner consistent with malice [which would be proper], *the alternative phrasing of the instruction* makes it at least as likely that the jury construed the words to give them their most distinct meanings" (emphasis added, footnote omitted). *Hill* v. *Maloney, supra* at 653.

The order denying the motion to dismiss the indictment or for other appropriate relief is affirmed.[4]

*So ordered.*

---

[4]*The defendant asks that we again review his case pursuant to G. L. c. 278, § 33E. The defendant is not entitled to a second plenary review.*