COMMONWEALTH *vs.* HEATHER A. WHOLLEY. May 19, 1999. *Motor Vehicle,* Operating under the influence. *Evidence,* Field sobriety test, Admissions and confessions. *Constitutional Law,* Admissions and confessions.

The defendant faced charges of failure to keep within marked lanes, operating a motor vehicle while under the influence of liquor, and possession of a class D substance. The charges arose from a late-night traffic stop in which the defendant failed a series of field sobriety tests. A District Court judge suppressed all evidence obtained from that stop, because the police officer had failed to give the defendant Miranda warnings before having her perform the field sobriety tests. The Commonwealth obtained leave from a single justice of this court to file an interlocutory appeal from the suppression order; the single justice ordered the case to be entered in this court. See Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). After an interval of twenty-six months, the appeal was entered on this court's docket.[1]

In *Vanhouton* v. *Commonwealth*, 424 Mass. 327, 331 (1997), this court said that "a motorist who is temporarily detained after being stopped on suspicion

---

[1]The defendant has moved to dismiss the Commonwealth's appeal because of this delay. Because we are satisfied on the record that the Commonwealth did not deliberately delay the appeal, and because the defendant has not shown any specific prejudice from the delay, *Commonwealth* v. *Libby*, 411 Mass. 177, 178 (1991), we have today entered an order denying the defendant's motion to dismiss the appeal.

of operating a motor vehicle while under the influence of intoxicating liquor is not held in custody, and, as a result, the investigating police officer is not required to furnish Miranda warnings to the motorist before administering field sobriety tests." This decision, we noted, was compelled by United States Supreme Court case law; "[a] defendant's custody and the resulting need for Miranda warnings is a question solely of Federal constitutional law." *Id.* at 331. A police officer's request that a motorist perform field sobriety tests "[does] not involve . . . compulsion sufficient to trigger the protection of the Fifth Amendment [to the United States Constitution]" (footnote omitted). *Id.* at 332. In light of *Vanhouton*, and the Federal case law on which it was based, the trial judge erred in suppressing the evidence from the traffic stop.

The order allowing the defendant's motion to suppress is hereby vacated, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Karen J. Bell*, Assistant District Attorney, for the Commonwealth.

*Alfred Francis Johnson* for the defendant.

[This portion of the page is intentionally left blank]