APPEALS COURT 
 
 COMMONWEALTH vs. EPI S. BAEZ

 
 Docket:
 24-P-546
 
 
 Dates:
 July 1, 2025 – October 24, 2025
 
 
 Present:
 Ditkoff, Hand, & Grant, JJ.
 
 
 County:
 Hampden
 

 
 Keywords:
 Motor Vehicle, Operating under the influence. Intoxication. Alcoholic Liquors, Motor vehicle. Evidence, Intoxication, Right to obtain evidence. Practice, Criminal, Dismissal.
 
 

       Complaint received and sworn to in the
Chicopee Division of the District Court Department on August 15, 2022. 
      A motion to dismiss was heard by Bethzaida
Sanabria-Vega, J.
      Christopher Nickels, Assistant District
Attorney, for the Commonwealth.
      Matthew S. Hutchinson for the defendant.
      DITKOFF, J.  By statute, police arresting a defendant for
operating a motor vehicle while under the influence of intoxicating liquor
(OUI) must inform the defendant immediately upon booking that the defendant has
the right to be examined by a physician of the defendant's choice.  G. L. c. 263, § 5A.  The police must also give the defendant a
copy of the statutory text or post it "in a conspicuous place."  G. L. c. 263, § 5A.  Here, the defendant was properly informed of
his right to an independent physician but was neither provided with a copy of
the statutory text nor was it posted in the police station.  For that reason, a District Court judge
dismissed a charge of OUI, G. L. c. 90 § 24 (1) (a) (1),
against the defendant.  As we discern no
error in the judge's determination that the Commonwealth failed to demonstrate
that the defendant was not prejudiced by the failure to give him (or post) the
text of G. L. c. 263, § 5A, we affirm.
      1. 
Background.  In the early hours of
August 14, 2022, a police officer observed a motor vehicle, driven by the
defendant, traveling forty-five miles per hour in an area with a posted thirty
miles per hour speed limit.  The officer
followed the vehicle to an intersection where the defendant stopped at a red
light in a left-turn-only lane.  The
officer queried the vehicle's plates and discovered that the registered owner,
the defendant, had a suspended license to operate a motor vehicle.  The defendant then crept his vehicle forward
and turned left while the light remained red. 
The officer activated his cruiser's emergency lights and pulled over the
defendant.
      When the officer approached the vehicle
and spoke with the defendant, he "observed [the defendant] to have slurred
speech and red bloodshot, glassy eyes," and "detected an odor of
alcoholic beverage coming from inside the vehicle as well as coming from his
breath."  In response to the
officer's request for his (suspended) license and registration, the defendant
attempted to give the officer his passport card before he ultimately provided
the requested documents.  When asked, the
defendant stated he had consumed three drinks at a bar in Springfield earlier
that night.  Given these responses, the
officer had the defendant perform field sobriety tests, which the defendant
"did not complete to [the officer's] . . .
expectations."  The only specific
example provided was that, during the nine-step walk and turn test, the
defendant remained on the line while walking away but was "offline"
on the nine steps back.[1]  The officer
arrested the defendant and transported him to the Chicopee police station.
      During booking, at 4:09 A.M., the officer
described the defendant's right to examination by an independent physician,
reading him the text of G. L. c. 263, § 5A, verbatim at a normal
speed and volume.  The statute appeared
on a statutory rights and consent form that also informed the defendant of his
right to use a telephone, G. L. c. 276, § 33A; requested his consent to a
breathalyzer; and warned him that his license would be suspended if he
refused.  After the officer read all the
statutory language contained in the form to the defendant, he slid it to him to
sign.  The defendant signed the form,
checking the box to decline a breathalyzer. 
The form was in the defendant's possession for approximately eight
seconds, but he was not allowed to keep it. 
At the time, there was no poster with the statutory text in the police
station.[2]
      The motion judge found "[the defendant]
did not look obviously intoxicated on the booking video."  The video recording shows that, throughout
the booking process, the defendant was alert, attentive, and compliant with
directions, and that he engaged in conversation and responded appropriately to
the officers' questions.
      The bail commissioner imposed bail of $100
at approximately 9:29 A.M.  The defendant
immediately paid and left with his property at 9:32 A.M.
      The defendant was charged with OUI and
operating a motor vehicle after a license suspension, G. L. c. 90,
§ 23.  The defendant moved to
dismiss the OUI count on the ground that there was a violation of G. L.
c. 263, § 5A.  After an
evidentiary hearing, the judge allowed the motion and dismissed the OUI
count.  This interlocutory appeal
followed.
      2. 
Standard of review.  "The
burden is on the defendant[] . . . to establish the facts, if any,
necessary to support a motion to dismiss." 
Commonwealth v. Pond, 24 Mass. App. Ct. 546, 551 (1987), quoting
Commonwealth v. Benjamin, 358 Mass. 672, 676 n.5 (1971).  On review, "we defer to the [motion]
judge's finding[s] of fact in the absence of clear error."  Commonwealth v. Milo M., 433 Mass. 149,
153 (2001), quoting Commonwealth v. King, 429 Mass. 169, 172 (1999).  "[W]e accept the judge's subsidiary
findings of fact absent clear error 'but conduct an independent review of his
ultimate findings and conclusions of law.'"  Commonwealth v. Hand, 104 Mass. App. Ct. 815,
820 (2024), quoting Commonwealth v. Fisher, 492 Mass. 823, 837-838 (2023).  "Our deference to the judge's assessment
of the weight and credibility of testimonial evidence includes inferences
'derived reasonably from the testimony.'" 
Commonwealth v. Gonzalez, 487 Mass. 661, 668 (2021), quoting
Commonwealth v. Kennedy, 426 Mass. 703, 708 (1998).
      3. 
Statutory requirement.  General
Laws c. 263, § 5A, provides the following:
"A person
held in custody at a police station or other place of detention, charged with
operating a motor vehicle while under the influence of intoxicating liquor,
shall have the right, at his request and at his expense, to be examined
immediately by a physician selected by him. 
The police official in charge of such station or place of detention, or
his designee, shall inform him of such right immediately upon being booked, and
shall afford him a reasonable opportunity to exercise it.  Such person shall, immediately upon being
booked, be given a copy of this section unless such a copy is posted in the
police station or other place of detention in a conspicuous place to which such
person has access" (emphasis added).
The statute as
originally written did not have the last sentence, and thus required only that
the police "inform" the defendant of the right to be examined by an
independent physician.  St. 1958,
c. 401.  In 1960, the Legislature
added the requirement that a copy of § 5A be given to the defendant (or
posted).  St. 1960, c. 237.  Accord Commonwealth v. Gruska, 30 Mass. App.
Ct. 940, 941 (1991).[3]  The goal of both
requirements is to ensure that defendants are put on timely notice of their
ability to opt for an examination by an independent physician.  See Commonwealth v. Carey, 26 Mass. App. Ct.
339, 344 (1988) ("The important point is that the defendant was informed
of the right to be examined by a physician of his choice").  Timely notice is critical to this statute
because "[t]he right to an independent medical examination under § 5A
. . . is a right meant to enhance the establishment of the truth of
the accusation by enabling the defendant to obtain potentially exculpatory
evidence."  King, 429 Mass. at
179.  Remedies for noncompliance, such as
dismissal or exclusion of evidence, "may also serve to deter future violations,
but that is a secondary consideration." 
Id.[4]
      Here, the informing requirement was
fulfilled when the officer read the text of § 5A to the defendant during
booking.  The giving or posting
requirement was not met as a copy of § 5A was neither posted in the police
department nor given to the defendant until his release.[5]
      4. 
Remedies.  a.  Overview. 
"Section 5A does not state the consequences that should flow from a
violation of its terms."  King, 429
Mass. at 177, quoting Commonwealth v. Ames, 410 Mass. 603, 607 (1991).  The Supreme Judicial Court has held that, in
instances where a breathalyzer was performed, "ordinarily, the appropriate
remedy . . . is the suppression of the breathalyzer result
. . . and of certain other police testimony."  Commonwealth v. Hampe, 419 Mass. 514, 523
(1995).  Conversely, in cases where no
breathalyzer was administered, "the [§ 5A] violation itself is prima
facie evidence that the defendant has been prejudiced in that his opportunity
to obtain and present potentially exculpatory evidence has been restricted or
destroyed."  King, supra at
180-181.  Where, as here, no breathalyzer
was performed, the presumptive remedy is dismissal, absent an applicable
exception.  See Commonwealth v. Andrade,
389 Mass. 874, 878 (1983) ("Dismissal of a complaint may not be an appropriate
or necessary remedy in all cases.  Rather,
each case must be considered on its own set of facts and a remedy adequate to
cure potential or actual prejudice resulting from a violation of G. L.
c. 263, § 5A, should be allowed" [citation omitted]).
      There are three judicially recognized
situations in which the "presumption of prejudice . . . may be
overcome."  King, 429 Mass. at
181.  These are (1) "by
overwhelming evidence of intoxication," id.; (2) by "exigent
circumstances . . . which might have justified the police officers'
failure to communicate the defendant's right to him," Andrade, 389 Mass.
at 879; or (3) "by other evidence indicating that the omission was
not prejudicial in the circumstances," King, supra.
      b. 
Overwhelming evidence of intoxication. 
Contrary to the Commonwealth's contention, no overwhelming evidence of
the defendant's intoxication was shown. 
The Supreme Judicial Court has held that, where "persuasive
evidence [of intoxication] existed . . . apart from the officers'
testimony (as shown on videotape, for example), it could fairly be said that
the defendant was not prejudiced by the police officers' violation of
G. L. c. 263 § 5A." 
Andrade, 389 Mass. at 882.  Here,
the officer's observations (even assuming they can be considered under
Andrade), although providing some evidence of intoxication, do not rise to the
level of overwhelming evidence.  Running
a red light after coming to a full stop late at night and stepping off the line
during the walk and turn test provided little evidence of intoxication.  Even when combined with the traditional
indicia of intoxication -- slurred speech, odor of alcohol, admission to
consuming three drinks earlier that night, and bloodshot eyes -- the evidence
presented to the motion judge left the defendant with a defendable case.  Contrast Commonwealth v. Priestley, 419 Mass.
678, 682 (1995) (overwhelming evidence where defendant "admits to imbibing
a considerable amount of alcohol," "admits to erratic
operation," and acknowledged failing three field sobriety tests).  Based on our review of the booking video, we,
like the motion judge, conclude that it provides no evidence of intoxication,
much less overwhelming evidence.  Cf. id.
at 684 (O'Connor, J., concurring) ("If there had been a videotape of the
defendant's booking, or other evidence equally unchallengeable, showing
uncontestably that the defendant was drunk at 4 A.M. or later, then it could be
said with confidence that blood test evidence would not have helped the
defendant at trial").
      c. 
Exigency.  The Commonwealth
properly does not claim that there was an exigency excusing full compliance
with G. L. c. 263, § 5A. 
The defendant was uninjured and reported as much to the police.  Contrast Commonwealth v. Atencio, 12 Mass.
App. Ct. 747, 749-750 (1981) (dismissal not required where defendant was
seriously injured in automobile accident and taken to hospital after being
charged with OUI).  No other reason was
provided why it would have been impractical to provide the defendant with a
copy of the statutory text or to post it in the police station.  Cf. Andrade, 389 Mass. at 879 ("There is
. . . no indication that the defendant was belligerent or otherwise
so unwilling or unable to cooperate as to justify the failure to comply").
      d. 
Other evidence indicating that the omission was not prejudicial.  The courts have applied the third exception
to presumptive dismissal where the circumstances establish that the defendant
would not have acted differently if there had been full compliance with the
statute.  For example, in Ames, 410 Mass.
at 604, the defendant had been in an automobile collision which left a
motorcyclist dead.  The police found the
defendant asleep at his brother's house and took him to the hospital.  Id.  A
police officer explained to the defendant that he could have a blood test but
not a breathalyzer because none were available at the hospital.  Id. at 606. 
The defendant declined a blood test twice, opting to wait until he could
have a breathalyzer at the police station. 
Id.  The judge "inferred, as
he was justified in doing so on the evidence, that the defendant, who was in
consultation with his father, declined the blood test at the hospital and asked
for a breathalyzer test because he believed that the passage of time would
reduce the possibility of an inculpatory test result."  Id. at 607. 
As a result, the judge found that there was no prejudice from the police
officer's failure to inform the defendant he could choose which physician administered
the blood test "because, if he had been so advised, he would not have
changed his mind and had a blood test." 
Id.  The Supreme Judicial Court
affirmed, concluding "that the failure of the police, approximately four
hours after the accident, to advise the defendant at the hospital that he was
entitled to an examination by a physician of his own choice was
inconsequential."  Id. at 608.
      In Commonwealth v. McIntyre, 36 Mass. App.
Ct. 193, 200 (1994), a police officer failed to inform the defendant about his
right to examination by an independent physician because the officer incorrectly
believed "that the police were not required to allow him to have a blood
alcohol content test because he had refused to take the breathalyzer
test."  The defendant, however, was
an attorney, and requested a blood test. 
Id.  His father asked the police
officer to transport the defendant to a nearby hospital for a blood test.  Id. at 201. 
We agreed with the motion judge "that the defendant, perhaps
because he was an attorney, was well aware of his rights pursuant to G. L.
c. 263, § 5A," and thus "literal compliance would not have
afforded the defendant notice beyond that required by the statute."  Id. at 203, quoting Gruska, 30 Mass. App. Ct.
at 941.
      In Commonwealth v. Gruska, 30 Mass. App.
Ct. at 941, the police read the defendant the statutory text but did not
provide him with a copy, and the text was not posted at the police
station.  The defendant "was given
an opportunity to read the statute" but "showed no interest in
it."  Id.  Because the defendant was injured, the police
then brought him to the hospital for treatment of his injuries.  Id. at 942. 
He did not request a blood test at the hospital.  Id.  We
reversed the order of dismissal because "literal compliance would not have
afforded the defendant notice beyond that required by the statute."  Id. at 941.
      Finally, in Commonwealth v. Carey, 26
Mass. App. Ct. 339, 343-344 (1988), the defendant was given his § 5A
notice by the booking officer, but argued that he was entitled to dismissal of
the OUI charge because that officer had not been designated to dispense that
information.[6]  We held that, even if
this were so, "the failing would not rise to anything resembling a failure
to give the necessary warning entirely, and, therefore, would not require
suppression or dismissal.  The important
point is that the defendant was informed of the right to be examined by a
physician of his choice."  Id. at
344.  In each of these cases, the
Commonwealth established an absence of prejudice where it demonstrated from the
circumstances that strict compliance with the statute would not have changed
the defendant's actions.
      The present case is dissimilar to those
cases.  There was no compelling evidence
that the defendant separately understood his rights, as in McIntrye, 36 Mass.
App. Ct. at 203.  The defendant was not
brought to a hospital where he declined to request a blood test, as in Ames,
410 Mass. at 607, and in Gruska, 30 Mass. App. Ct. at 942.  The judge did not infer from the evidence,
and certainly was not required to infer, that the defendant decided not to
request a blood test because he feared an inculpatory result, as in Ames,
supra.  See Gonzalez, 487 Mass. at 668
(choice between reasonable inferences is for motion judge).  Nor was the violation trivial, as it was in
Carey, 26 Mass. App. Ct. at 343-344, where the claimed violation was failure to
properly designate the officer providing notice of the defendant's rights.  The Legislature has determined that written
provision of the right to be examined by an independent physician assists
criminal defendants in a way that oral provision alone does not, and thus we
cannot consider the absence of a writing to be "hypertechnical."  Id. at 344. 
See St. 1960, c. 237. 
In the absence of affirmative evidence that the defendant would not have
acted differently if provided the written text as required by statute, the
judge properly dismissed the OUI count.
      5. 
Conclusion.  The dismissal of the
charge of OUI is affirmed, and the case is remanded for further proceedings on
the remaining charge.
So ordered.

footnotes
 

[1] The officer
confirmed that the defendant was not belligerent or rude to him during their
interaction.

[2] A poster with
the statutory text was installed over one year later.

[3] As originally
written, the statute required that "[t]he police official in charge"
of the police station provide the notification. 
St. 1958, c. 501.  In 1983,
the statute was broadened to allow "his designee" to do so.  St. 1983, c. 557.  See Commonwealth v. Carey, 26 Mass. App. Ct.
339, 344 (1988).

[4] In practice,
the right is quite limited.  If invoked,
the police have no duty to assist the defendant in obtaining an examination by
an independent physician.  "They
need only inform him of his rights and allow him access to a
telephone."  Commonwealth v. Alano,
388 Mass. 871, 879 (1983).  Accord
Commonwealth v. Finelli, 422 Mass. 860, 862 (1996) ("The onus is on the
arrestee to arrange for the independent testing").

[5] The
Commonwealth has not argued that briefly providing the defendant with a copy of
the statutory text complied with the requirement that the defendant "be
given a copy of this section." 
G. L. c. 263, § 5A. 
Accordingly, we do not reach this issue, though we note the defendant
was given the text for three to four minutes in Gruska, and we nonetheless
concluded that the police did not comply with the statute.  30 Mass. App. Ct. at 941.

[6] The defendant
in Carey made no argument that the notice he was given did not otherwise comply
with the requirements of § 5A.  See
Carey, 26 Mass. App. Ct. at 342, 343-344.